# Exhibit A

ELECTRONICALLY FILED
9/2/2025 2:44 PM
02-CV-2025-902357.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**AMY HAMBLIN, as the PERSONAL REPRESENTATIVE of the ESTATE OF CAROLYN RENEE SMITH, deceased,**

Plaintiff,

v.

**WALMART, INC.; WAL-MART TRANSPORTATION LLC; LEONARD WITT; 1-20**; the person(s), firm(s) or corporation(s) who operated and/or controlled the commercial truck that injured the Plaintiff at the times made the basis of this suit; **21-40**, the person(s), firm(s), or corporation(s) who was or were the principal, master, or employee of the individuals who operated and/or controlled the commercial truck that injured the Plaintiff at the times made the basis of this suit; **41-60**, the person(s), firm(s), or corporation(s) who negligently and/or wantonly trained, educated, supervised and/or monitored those person(s), firm(s) or corporation(s) who operated and/or controlled the commercial truck that injured the Plaintiff at the times made the basis of this suit, **61-80**, the person(s), firm(s), or corporation(s) responsible for and who did in fact assist or contribute in any way to the tortious conduct made the basis of this suit; all of whose names are otherwise unknown at this time, but who will be substituted by amendment when ascertained; individually and jointly,

Defendants.

CIVIL ACTION NO.
02-CV-2025-_______

---

**COMPLAINT**

---

Plaintiff AMY HAMBLIN, as Personal Representative of the Estate of CAROLYN RENEE SMITH, deceased, files this Complaint against Defendants WALMART, INC.; WAL-MART TRANSPORTATION LLC**;** LEONARD WITT; and defendants 1-80 as follows:

**THE PARTIES**

1. Plaintiff AMY HAMBLIN is over the age of 19; is now and was as of June 23, 2024, a resident of Mobile County, Alabama; is the surviving biological daughter of CAROLYN RENEE SMITH, and has been appointed as the Personal Representative of the Estate of Carolyn Renee Smith, deceased. A copy of the Order appointing AMY HAMBLIN as the Personal Representative of the Estate of Carolyn Renee Smith, deceased, is appended hereto as ***Exhibit A.***

2. Defendant WALMART, INC. (sometimes referred to as "Walmart") is a business entity with its principal place of business in Bentonville, Arkansas that actively conducts business in the State of Alabama; that is subject to the Federal Motor Carrier Safety Regulations; and that at all times material to this Complaint employed Leonard Witt as a General Manager.

3. Defendant WAL-MART TRANSPORTATION LLC (sometimes referred to as "Walmart Transportation" or as included within the term "Defendants") is a commercial motor carrier registered with the United States Department of Transportation with its principal place of business in Bentonville, Arkansas that actively conducts business in the State of Alabama; that is subject to the Federal Motor Carrier Safety Regulations; and that at all times material to this Complaint employed "John Doe" (a yet-to-be identified individual) as a commercial driver.

4. LEONARD WITT (sometimes referred to as "WITT" or included within the term "Defendants") is a resident of Mobile County, Alabama, and was employed by Defendant WALMART, INC. as a General Manager as of June 23, 2024. Further WITT – as part of his employment with Defendant WALMART, INC. – was responsible for monitoring, training, instructing and supervising the operations of the distribution center, including commercial trucks and commercial drivers, on June 23, 2024, at the time and place of the incident that is the subject of this action.

5. At all times material to this Complaint, "John Doe" (a yet-to-be identified individual) was an agent, servant and/or employee of Defendant WAL-MART TRANSPORTATION, and was acting within the line and scope of his employment as the agent, servant, or employee of Defendant WAL-MART TRANSPORTATION and/or fictitious defendants 21-40. Further, "John Doe" (a yet-to-be identified individual) was charged with the responsibility of safely operating the tractor-trailer rig at issue for the benefit of Defendant WALMART, INC. and/or Defendant WAL-MART TRANSPORTATION.

6. Defendants 1-80 are fictitious defendants whose actions or inactions caused and/or contributed to cause the injuries described in detail throughout this Complaint and suffered by the Plaintiff. The names and true legal identities of fictitious defendants 1-80 are otherwise unknown at this time, but will be substituted by amendment when ascertained.

## GENERAL ALLEGATIONS

7. On June 23, 2024, at approximately 1:20 AM, a commercial truck owned and/or operated by Defendant WALMART, INC. and/or WAL-MART TRANSPORTATION struck Carolyn Renee Smith while she was a pedestrian on Airport Boulevard near the intersection of Cody Road in Mobile County, Alabama.

8. At the time of the above-described crash, Defendant WALMART, INC. owned and operated the Walmart Distribution Center located at 8725 County Farm Road, Mobile, AL and was charged with the responsibility of safely operating its distribution center, including evaluating and selecting transportation or freight services, negotiating contracts, and managing vendor relations.

9. At the time of the above-described incident, WITT was the General Manager of the Walmart Distribution Center working within the line and scope of his employment as an agent and/or employee of Defendant WALMART, INC. and was charged with the responsibility of overseeing the overall planning, organizing, and operations of the distribution center, which includes providing necessary monitoring, supervision, and training to staff (including commercial drivers) to ensure safe, secure, and efficient operations.

10. At the time of the above-described crash, Defendant WAL-MART TRANSPORTATION was a commercial motor carrier and was charged with the responsibility of safely operating its commercial trucks at all times.

11. At the time of the above-described incident, “John Doe” (a yet-to-be identified individual) was operating the commercial truck within the line and scope of his employment as an agent and/or employee of WAL-MART TRANSPORTATION.

12. At the time of the above-described crash, Defendants WALMART, INC., WAL-MART TRANSPORTATION, LEONARD WITT, and the commercial truck driver had a responsibility to act reasonably prudent in selecting, hiring, training, supervising, monitoring, and/or operating commercial trucks so as to protect the public (including Carolyn Renee Smith) from the known risks of serious injury and death brought about by unsafely operating large, heavy commercial trucks.

13. At the time of the crash, Defendant WALMART, INC., Defendant WAL-MART TRANSPORTATION, LEONARD WITT, and the commercial truck driver failed to safely select, hire, train, supervise, monitor, and/or operate the commercial truck involved in the crash event and failed to follow basic safe driving principles intended to protect the public (including Carolyn Renee Smith) from the known risks of serious injury and death brought about by operating large, heavy commercial trucks.

14. As a direct result of the aforementioned safety failures, Carolyn Renee Smith was struck by Walmart's tractor-trailer.

15. As a direct result of the impact, Carolyn Renee Smith was caused to suffer fatal injuries and die.

**FIRST CAUSE OF ACTION**
**(Negligence)**

16. Paragraphs 1 through 15 are incorporated herein by reference, and Plaintiff further alleges as follows:

17. Defendants WALMART, INC.; WAL-MART TRANSPORTATION; LEONARD WITT; and/or defendants 1 through 80 were negligent in one or more of the following respects:

A. Negligently operating the subject commercial truck;

B. Negligently failing to follow internal corporate safety policies;

C. Negligently failing to follow Federal Motor Carrier Safety Regulations;

D. Negligently failing to adequately inspect the commercial truck for safety before operating it on public highways;

E. Negligently failing to ensure that the subject commercial truck was safe before operating it on public roadways;

F. Negligently maintaining and/or repairing the commercial truck;

G. Negligently hiring the commercial driver to operate the subject commercial truck;

H. Negligently failing to adequately train, supervise, and/or monitor the commercial driver;

I. Negligently failing to ensure that the commercial driver was fit to operate the subject commercial truck on June 23, 2024, and/or

J. Negligently entrusting a commercial truck to the commercial driver.

18. As a proximate consequence of the above-described negligence, CAROLYN RENEE SMITH was caused to suffer fatal injuries and die.

WHEREFORE, AMY M. HAMBLIN, as Personal Representative of the Estate of CAROLYN RENEE SMITH, deceased, demands judgment against Defendant WALMART, INC.; Defendant WAL-MART TRANSPORTATION; Defendant LEONARD WITT; and/or defendants 1 through 80, individually and jointly, for compensatory damages in amounts deemed appropriate by the jury, plus interest and costs.

**SECOND CAUSE OF ACTION**
**(Wantonness)**

19. Paragraphs 1 through 15 are incorporated herein by reference, and Plaintiff further alleges as follows:

20. Defendants WALMART, INC.; WAL-MART TRANSPORTATION; LEONARD WITT; and/or defendants 1 through 80 were wanton in one or more of the following respects:

A. Wantonly operating the subject commercial truck;

B. Wantonly failing to follow internal corporate safety policies;

C. Wantonly failing to follow Federal Motor Carrier Safety Regulations;

D. Wantonly failing to adequately inspect the commercial truck for safety before operating it on public highways;

E. Wantonly failing to ensure that the subject commercial truck was safe before operating it on public highways;

F. Wantonly maintaining and/or repairing the commercial truck;

G. Wantonly hiring the commercial driver to operate the subject commercial truck;

H. Wantonly failing to adequately train, supervise, and/or monitor the commercial driver;

I. Wantonly failing to ensure that the commercial driver was fit to operate the subject commercial truck on June 23, 2024, and/or

J. Wantonly entrusting a commercial truck to the commercial driver.

21. As a proximate consequence of the above-described wantonness, CAROLYN RENEE SMITH was caused to suffer fatal injuries and die.

WHEREFORE, Plaintiff AMY M. HAMBLIN, as Personal Representative of the Estate of CAROLYN RENEE SMITH, deceased, demands judgment against Defendants WALMART, INC., WAL-MART TRANSPORTATION, LEONARD WITT and/or defendants 1 through 80, individually and jointly, for punitive damages in amounts deemed appropriate by the jury and sufficient to deter such conduct in the future, plus interest and costs.

**CUNNINGHAM BOUNDS, LLC**
Attorneys for the Plaintiff

***/s/ Robert L. Mitchell***
ROBERT L. MITCHELL [MIT052]
Post Office Box 66705
Mobile, Alabama 36660
T: (251) 471-6191
F: (251) 479-1031
E: RLM@cunninghambounds.com

The Plaintiff respectfully demands trial by jury.

***/s/ Robert. L. Mitchell***

**THE FOLLOWING DEFENDANTS MAY BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

**WALMART, INC.**
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

**WAL-MART TRANSPORTATION LLC**
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

**THE FOLLOWING DEFENDANT MAY BE SERVED VIA PERSONAL SERVICE AS FOLLOWS:**

**LEONARD WITT, General Manager**
8812 Kenston Court
Mobile, AL 36619

***/s/ Robert. L. Mitchell***

**IN THE PROBATE COURT OF MOBILE COUNTY, ALABAMA**

**IN THE MATTER OF** **CASE NO. 2024-2238**

**CAROLYN RENEE SMITH,**
**Deceased**

**ORDER**

Petition for letters of administration dated November 21, 2024 of the above named decedent is hereby **GRANTED** this date. Bond in the amount of $20,000.00 is hereby taken and approved. Letters of Administration shall issue forthwith to AMY M HAMBLIN, as prayed.

It is further **ORDERED** that the Personal Representative shall not deposit with her legal counsel, and legal counsel shall not receive, any funds or other assets of this estate which exceed the total sum/value of $10,000 without prior approval of the Court. Any estate funds appropriately held by legal counsel shall be placed in an interest account unless said funds are to be disbursed within forty-five (45) days of receipt by legal counsel.

The Personal Representative is **ORDERED** to report to the Court if any litigation involving a wrongful death or personal injury claim is commenced in another court. If same is reported, the Personal Representative shall file with this Court a petition to determine the heirs of the decedent.

The Personal Representative is **ORDERED** to notify the Alabama Medicaid Agency of their appointment as Personal Representative of this estate.

The Personal Representative is **DIRECTED** to:

A. Review the information contained in the Personal Representative's Handbook relating to bank accounts that have pay-on-death beneficiary provisions, multi-party bank accounts and/or bank accounts that contain rights-of-survivorship provisions, that the decedent had an interest in at the time of death.

B. Investigate and report in the Personal Representative's Inventory any bank accounts that have pay-on-death beneficiary provisions, multi-party bank accounts and/or bank accounts that contain rights-of-survivorship provisions, that the decedent had an interest in at the time of death.

C. Report to any financial institutions at which there are pay-on-death beneficiary designations or multi-party accounts or accounts containing rights-of-survivorship provisions of:

   1. The date and time of death of the decedent.
   2. The jurisdiction of the Court vis-à-vis the noted account.
   3. The financial institution's potential liability for distribution of account assets to beneficiaries and joint owners of the account in question.

D. Serve a copy of this Order upon all banks and financial institutions at which the decedent had an account or an interest in an account at the time of death and furnish proof of service to the Court within thirty (30) days of the date of this Order.

Exhibit
A

exhibitsticker.com

IN THE PROBATE COURT OF MOBILE COUNTY, ALABAMA

IN THE MATTER OF CAROLYN RENEE SMITH, Deceased

CASE NO. 2024-2238

ORDER

Petition for letters of administration dated November 21, 2024 of the above-named decedent is hereby GRANTED this date. Bond in the amount of $20,000.00 is hereby taken and approved. Letters of Administration shall issue forthwith to AMY M HAMBLIN, as prayed.

It is further ORDERED that the Personal Representative shall not deposit with her legal counsel, and legal counsel shall not receive, any funds or other assets of this estate which exceed the total sum/value of $10,000 without prior approval of the Court. Any estate funds appropriately held by legal counsel shall be placed in an interest account unless said funds are to be disbursed within forty-five (45) days of receipt by legal counsel.

The Personal Representative is ORDERED to report to the Court if any litigation involving a wrongful death or personal injury claim is commenced in another court. If same is reported, the Personal Representative shall file with this Court a petition to determine the heirs of the decedent.

The Personal Representative is ORDERED to notify the Alabama Medicaid Agency of their appointment as Personal Representative of this estate.

The Personal Representative is DIRECTED to:

A. Review the information contained in the Personal Representative's Handbook relating to bank accounts that have pay-on-death beneficiary provisions, multi-party bank accounts and/or bank accounts that contain rights-of-survivorship provisions, that the decedent had an interest in at the time of death.

B. Investigate and report in the Personal Representative's Inventory any bank accounts that have pay-on-death beneficiary provisions, multi-party bank accounts and/or bank accounts that contain rights-of-survivorship provisions, that the decedent had an interest in at the time of death.

C. Report to any financial institutions at which there are pay-on-death beneficiary designations or multi-party accounts or accounts containing rights-of-survivorship provisions of:

1. The date and time of death of the decedent.
2. The jurisdiction of the Court vis-à-vis the noted account.
3. The financial institution's potential liability for distribution of account assets to beneficiaries and joint owners of the account in question.

D. Serve a copy of this Order upon all banks and financial institutions at which the decedent had an account or an interest in an account at the time of death and furnish proof of service to the Court within thirty (30) days of the date of this Order.

---

The Personal Representative is **DIRECTED** to: (A) not deposit any estate funds in Wells Fargo Bank, and (B) withdraw any funds on deposit at Wells Fargo Bank that comprise assets of the estate.

If the Personal Representative recovers funds as outlined herein, the Personal Representative is **DIRECTED** to notify the Court, in writing, within ten (10) days of receipt of the funds.

Any bank, credit union, or other financial institution that has an account as to which the decedent had an interest in is **AUTHORIZED** to furnish account information, including, but not limited to, customer agreements, statements for the twelve (12) months preceding the date of this Order to the Personal Representative.

The Personal Representative is **ORDERED** to publish the attached notice of their appointment in a newspaper in general circulation in Mobile County once a week for three (3) consecutive weeks and to furnish proof of same to the Court within sixty (60) days of the date of this Order.

It is further **ORDERED** as follows:

**Supplemental Inventory due February 3, 2025.**
**Handbook Certificate due February 3, 2025.**
**Annual partial settlement and accounting due December 19, 2025.**

Absent the filing of the inventory, handbook certificate and proof of publication to creditors, this cause is set for hearing on February 24, 2025 at 3:45 p.m. in Courtroom 1, Third Floor, Mobile County Government Center Annex, 151 Government Street, Mobile, Alabama.

Attendance at the above hearing(s) is **REQUIRED** unless the item(s) outlined above are filed by 12:00 p.m. on the Friday preceding the hearing. Annual reports, such as partial settlements, are due on or around the date prescribed and should not be filed too far in advance of the hearing date.

The hearing(s) shall be moot if all item(s) are timely filed.

The Clerk of the Court is **DIRECTED** to forward copies of this Order to all legal counsel of record by electronic mail and to all parties in interest by United States Mail.

Dated this 19th day of December, 2024.

**DON DAVIS, Judge of Probate**

The Personal Representative is DIRECTED to: (A) not deposit any estate funds in Wells Fargo Bank, and (B) withdraw any funds on deposit at Wells Fargo Bank that comprise assets of the estate.

If the Personal Representative recovers funds as outlined herein, the Personal Representative is DIRECTED to notify the Court, in writing, within ten (10) days of receipt of the funds.

Any bank, credit union, or other financial institution that has an account as to which the decedent had an interest in is AUTHORIZED to furnish account information, including, but not limited to, customer agreements, statements for the twelve (12) months preceding the date of this Order to the Personal, Representative.

The Personal Representative is ORDERED to publish the attached notice of their appointment in a newspaper in general circulation in Mobile County once a week for three (3) consecutive weeks and to furnish proof of same to the Court within sixty (60) days of the date of this Order.

It is further ORDERED as follows:

Supplemental Inventory due February 3, 2025.
Handbook Certificate due February 3, 2025.
Annual partial settlement and accounting due December 19, 2025.

Absent the filing of the inventory, handbook certificate and proof of publication to creditors, this cause is set for hearing on February 24, 2025 at 3:45 p.m., in Courtroom 1, Third Floor, Mobile County Government Center Annex, 151 Government Street, Mobile, Alabama.

Attendance at the above hearing(s) is REQUIRED unless the item(s) outlined above are filed by 12:00 p.m. on the Friday preceding the hearing. Annual reports, such as partial settlements, are due on or around the date prescribed and should not be filed too far in advance of the hearing date.

The hearing(s) shall be moot if all item(s) are timely filed.

The Clerk of the Court is DIRECTED to forward copies of this Order to all legal counsel of record by electronic mail and to all parties in interest by United States Mail.

Dated this 19th day of December, 2024.

DON DAVIS, Judge of Probate

**THE STATE OF ALABAMA** **COURT OF PROBATE**

**COUNTY OF MOBILE** **CASE NO. 2024-2238**

## LETTERS OF ADMINISTRATION

Letters of Administration of the Estate of CAROLYN RENEE SMITH, are hereby granted to AMY M HAMBLIN, who has duly qualified and given bond as such Personal Representative and is authorized to administer such estate with authority to take actions as set forth in §43-2-830, et seq. (1975). The powers and duties of said Personal Representative specifically include, but are not limited to, gathering and retaining estate assets, preparing an inventory of estate assets, paying taxes, uncontested claims, fees, and expenses, including court costs, incident to the administration of the estate. Any and all financial institutions are **ORDERED** to provide the Personal Representative(s) with all information regarding any payment on death accounts in the name of the deceased. Said funds may be subject to the payment of debts and should not be expended prior to the conclusion of the applicable six-month claims period and without prior Court approval. The authority of the Personal Representative is restricted as follows:

***Restrictions:***

**(1) With the exception of wrongful death matters, the Personal Representative must obtain approval of any litigation settlement and shall not distribute any monies or estate assets to heirs, legatees, and/or beneficiaries resulting from litigation or settlement of litigation without prior Court approval.**

**(2) Personal Representative must immediately report to the Court the receipt of any monies or assets which were not reported in the initial inventory and/or are received while these Letters are in effect.**

**(3) Personal Representative shall not sell, mortgage, or lease real or personal property of the estate without prior Court approval.**

Ordered this 19th day of December, 2024.

DON DAVIS, Judge of Probate