IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY HAMBLIN, as Personal Representative of the Estate of Carolyn Renee Smith, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC.,<br>WAL-MART TRANSPORTATION, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.:<br>)  1:25-cv-00411-KD-C<br>)<br>)<br>)<br>)<br>) |

## ORDER REMANDING CASE TO STATE COURT

This cause is before the Court on the Notice of Removal (Doc. 1) filed by Defendants Walmart Inc. ("Walmart") and Wal-Mart Transportation, LLC ("Wal-Mart Transportation") (collectively, "Walmart Defendants"); the Motion to Remand (Doc. 12) and supporting brief (Doc. 13) filed by Plaintiff Amy Hamblin ("Ms. Hamblin"), as Personal Representative of the Estate of Carolyn Renee Smith, deceased; Walmart Defendants' Response (Doc. 15); and Ms. Hamblin's Reply (Doc. 16). The motion and briefs have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. Section 636(b)(1)(A) and S.D. Ala. Gen. LR. 72(a)(2)(S). After careful consideration of the parties' briefs, Ms. Hamblin's complaint and the declarations submitted by both parties, the undersigned finds the Walmart Defendants have not met their burden of proof to avoid remand of this action to state court. Therefore, for the reasons stated herein, Ms. Hamblin's Motion to Remand should be **GRANTED**.

**I.    Factual Background.**

Ms. Hamblin initiated Civil Action No. 02-CV-2025-902357, styled *Amy Hamblin, as the personal representative of the Estate of Carolyn Renee Smith v. Walmart Inc., et al.* on September 2, 2025 in the Circuit Court of Mobile County, Alabama. Ms. Hamblin's action arises out of the death of Carolyn Smith who was hit by a tractor trailer while walking at or near the intersection of Airport Boulevard and Cody Road in Mobile. Ms. Hamblin's complaint alleges claims of negligence and wantonness against Walmart Defendants and Leonard Witt ("Mr. Witt"). Mr. Witt is the general manager of Walmart's Import Distribution Center ("IDC") located in Irvington, Alabama (Doc. 1, PageID.2). Walmart Defendants removed the state court action to this Court based on fraudulent joinder, alleging Mr. Witt was fraudulently joined by Ms. Hamblin to destroy diversity jurisdiction. (Doc. 1, PageID.5). Ms. Hamblin now moves to remand this action to the Circuit Court of Mobile County, Alabama. (Doc. 12, 13). Ms. Hamblin's motion has been fully briefed and is ripe for consideration.

**II.    Legal Standards**

A civil action brought in the state court of which the United States has original jurisdiction may be removed to the federal district court for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441(a). United States district courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different States. *See* 28 U.S.C. § 1332(a).

Walmart Defendants removed the state court action on the basis that complete diversity of citizenship exists between the parties because Mr. Witt was fraudulently joined, and thus, his citizenship must be disregarded. (Doc. 1, PageID.5). When a case is removed to federal court "based on diversity jurisdiction…the case must be remanded to state court if there is not complete

2

diversity between the parties or one of the defendants is a citizen of the state in which the suit is filed." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (Citations omitted). Under the doctrine of fraudulent joinder, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1526, 1538 (11th Cir. 1997). The standard of proof under the doctrine of fraudulent joiner is "clear and convincing." *Stillwell* at 1332. In this action, Walmart Defendants assert only the first issue under the fraudulent joinder doctrine.

The parties do not dispute whether the amount in controversy exceeds the sum of $75,000. Therefore, only the issue of whether Mr. Witt was fraudulently joined for purposes of remand needs to be determined.

### III.     Analysis & Conclusions of Law

To defeat Ms. Hamblin's motion for remand, Walmart Defendants "must show by clear and convincing evidence that - viewing the evidence in the light most favorable to [Ms. Hamblin] and resolving all uncertainties of state law in [Ms. Hamblin's] favor, there is no possibility that the state court could find that the complaint states claims for negligence" and wantonness against Mr. Witt. *Phillips v. OneAmerica Sec., Inc.*, No. CA 10-0489-KD-C, 2010 WL 4628123, at *4 (S.D. Ala. Oct. 21, 2010), *report and recommendation adopted*, No. CIV.A. 10-00489-KD-C, 2010 WL 4628106 (S.D. Ala. Nov. 8, 2010) (citation modified). A decision regarding whether a defendant

was fraudulently joined must be based on "plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Thus, the Court looks to Ms. Hamblin's complaint and the declarations of Mr. Witt and Jennifer Miles ("Ms. Miles") to determine whether Mr. Witt was fraudulently joined for purposes of remand. In doing so, the procedure is similar to resolving a motion for summary judgment under Fed. R. Civ. P. 56(b), but the standard is lighter. Ms. Hamblin's claims are not to be weighed "beyond determining whether it is an arguable one under state law." *Hampton v. Georgia-Pac. L.L.C.*, No. CIV.A. 11-0363-KD-N, 2011 WL 5037403, at *5 (S.D. Ala. Oct. 24, 2011). All questions of fact must be resolved in Ms. Hamblin's favor. *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). Furthermore, in analyzing whether there is any "possibility" the plaintiff can establish a cause of action against the non-diverse defendant, "the potential for legal liability must be reasonable, not merely theoretical." *Legg,* 1325 n.5 (quotation omitted). A defendant can be properly joined in a case only if there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Crowe*, 113 F.3d at 1540 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)).

In evaluating whether Ms. Hamblin's complaint states potentially viable claims against Mr. Witt, her allegations must be evaluated under the state court pleading standard. Alabama requires only a notice-pleading standard, not the heightened pleading standards of the federal courts. *Mahone v. R.R. Dawson Bridge Co., LLC*, No. 2:14-CV-99-WHA, 2014 WL 2154223, at *2 (M.D. Ala. May 22, 2014). "Under Alabama law, 'the purpose of notice pleading is to provide defendants adequate notice of the claims against them.'" *Id*. A complaint filed in an Alabama circuit court need only set forth a short and plain statement of the claim showing that the pleader is entitled to

relief. Under Alabama law, "a plaintiff must show 'a duty, a breach of that duty, causation, and damage' to establish negligence." *Payne v. SRG Enters., L.L.C.*, No. 2:24-CV-442-RAH-SMD, 2025 WL 57708, at *3 (M.D. Ala. Jan. 9, 2025). And "proof of wantonness requires evidence of a reckless or conscious disregard of the rights and safety of others." *Wal-Mart Stores, Inc. v. Thompson*, 726 So. 2d 651, 654 (Ala. 1998). Ms. Hamblin's complaint makes the following general allegations directed against Mr. Witt based on his role as general manager of the Walmart IDC in Irvington, Alabama:

- Mr. Witt was "working within the line and scope of his employment as an agent and/or employee of Defendant WALMART, INC. and was charged with the responsibility of overseeing the overall planning, organizing, and operations of the distribution center, which includes providing necessary monitoring, supervision, and training to staff (including commercial drivers) to ensure safe, secure and efficient operations." (Doc. 1-1, PageID.19);

- Mr. Witt "had a responsibility to act reasonably prudent in selecting, hiring, training, supervising, monitoring, and/or operating commercial trucks so as to protect the public (including Carolyn Renee Smith) from the known risks of serious injury and death brought about by unsafely operating large, heavy commercial trucks." (Doc. 1-1, PageID.20); and

- Mr. Witt "failed to safely select, hire, train, supervise, monitor, and/or operate the commercial truck involved in the crash event and failed to follow basic safe driving principles intended to protect the public (including Carolyn Renee Smith) from the known risks of serious injury and death brought about by operating large, heavy commercial trucks." (Doc. 1-1, PageID.20)."

Ms. Hamblin's complaint also makes the following general claims against Mr. Witt[1]:

- Negligently (and wantonly) operating the subject commercial truck;
- Negligently (and wantonly) failing to follow internal corporate safety policies;
- Negligently (and wantonly) failing to follow Federal Motor Carrier Safety Regulations;
- Negligently (and wantonly) failing to adequately inspect the commercial truck for safety before operating it on public highways;
- Negligently (and wantonly) failing to ensure that the subject commercial truck was safe before operating it on public roadways/highways;
- Negligently (and wantonly) maintaining and/or repairing the commercial truck;
- Negligently (and wantonly) hiring the commercial driver to operate the subject commercial truck;
- Negligently (and wantonly) failing to adequately train, supervise, and/or monitor the commercial driver;
- Negligently (and wantonly) failing to ensure that the commercial driver was fit to operate the subject commercial truck on June 23, 2024; and/or
- Negligently (and wantonly) entrusting a commercial truck to the commercial driver.

(Doc. 1-1, PageID.20-21).

Walmart Defendants claim there is no possibility that Ms. Hamblin's complaint asserts a viable cause of action against Mr. Witt because he does not (and did not at the time of the subject incident) hire, select, train, instruct, monitor, or supervise either trucks or drivers hauling cargo over the road; does not (and did not at the time of the subject incident) determine a particular driver's fitness to drive a truck or select or entrust a truck to a particular driver; had no involvement in any aspect of who drives a truck onto or off of the premises of the Irvington IDC; and he does not inspect, maintain or repair the over-the road trucks that haul cargo to or from the Irvington IDC. (Doc.1, PageID.8). Walmart Defendants also claim that Ms. Hamblin cannot recover against Mr. Witt because he was out of the office on vacation on the day Ms. Smith was struck by the tractor trailer. (Doc.1, PageID.8-9). The foregoing assertions are supported by Mr. Witt's

---

[1] Ms. Hamblin's claims of negligence and wantonness set forth in her complaint have been combined in this Order for the sake of brevity.

declaration submitted with Walmart Defendants' Notice of Removal (Doc.1-5, PageID.36-40, Declaration of James Leonard Witt) upon which Walmart Defendants primarily rely in support of removal.

Mr. Witt does not deny that he is the general manager of the Walmart IDC. He does deny his responsibilities as general manager encompass certain duties identified by Ms. Hamblin in her complaint such as those related to the monitoring and supervision of truck drivers and their trucks, communication with truck drivers, and the hiring of truck drivers. (*See* Doc.1-5, PageID.36-40). Ms. Hamblin's motion only generally refutes Mr. Witt's contentions about the scope of his managerial duties, but her reply brief provides new argument and supporting evidence.[2] Ms. Hamblin argues the position summaries for Walmart general manager conflict with Mr. Witt's general denials set forth in his declaration. (Doc.16, PageID.176). The affidavit of Ms. Miles submitted as an exhibit to Ms. Hamblin's reply includes summaries for Walmart general manager positions in New Braunfels, Texas and Irvington, Alabama (Doc.16-2, Doc. 16-3), and another similar job posting in Palestine, Texas (Doc. 16-5). The summary for the general manager position at the Irvington, Alabama facility shows the duties of general manager could encompass those alleged in Ms. Hamblin's complaint, including monitoring or supervision related to the safety of

---

[2] Generally, courts do not consider arguments and evidence raised for the first time on reply unless the opposing party is granted leave to file a sur-reply or the issue goes to the Court's jurisdiction. *See New Hampshire Ins. Co. v. Wiregrass Const. Co.*, No. CIV.A.09-0489-WS-B, 2010 WL 2038298 (S.D. Ala. May 20, 2010); *Ajomale v. Quicken Loans, Inc.*, No. 1:17-CV-539-JB-MU, 2020 WL 13553740 (S.D. Ala. July 7, 2020). In *Ajomale*, this Court was guided by the Tenth Circuit in *Pippin v. Burlington Resources Oil Gas Co.*, 440 F.3d 1186 (10th Cir. 2006), which "upheld a district court's decision to consider evidence raised for the first time in a reply to summary judgment where the opposing party had ample time to seek leave to file an additional brief on the matter but did not do so."*Ajomale,* 2020 WL 13553740, at *3. Here, Walmart Defendants have not requested leave to file a sur-reply, and the argument and evidence presented in Ms. Hamblin's reply goes to the Court's subject matter jurisdiction. Thus, the Court considers Ms. Hamblin's additional argument and evidence contesting Mr. Witt's responsibilities as general manager.

drivers and trucks leaving the IDC. (Doc.16-3, PageID.199). For example, the job description states the manager will "Maintain quality and safety standards in area of responsibility by ensuring associates are trained on Logistics and company policies standards and procedures monitoring associate compliance to polices and procedures distributing and maintaining procedures and supporting documentation." (Doc. 16-3, PageID.199). Without further information, the position summaries are subject to different interpretations. However, there is a contested issue of fact as to whether Mr. Witt's duties "were limited as [Mr. Witt] claims to avoid liability for the claims at issue." *Hampton,* 2011 WL 5037403, at *6 (citation modified).

Ms. Hamblin is correct in her assertion that Mr. Witt's declaration is "self-serving" and not enough to establish fraudulent joinder. (Doc. 13, PageID.145). Mr. Witt's general denials of responsibility in his declaration are not sufficient to prove by clear and convincing evidence that Ms. Hamblin cannot possibly establish claims for negligence and/or wantonness against Mr. Witt under Alabama law. Conclusory affidavits such as Mr. Witt's have been found by other district courts in Alabama to be subject to credibility issues under similar circumstances where there are "contested matters of fraudulent joinder." *Collins v. Marten Transp., Ltd.*, No. 4:14-CV-0257-VEH, 2014 WL 972245, at *7 (N.D. Ala. Mar. 12, 2014); *see also Hampton,* 2011 WL 5037403; *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. Appx. 888 (11th Cir. 2011). The Court is not to weigh the merits of Ms. Hamblin's claims but instead is "limited to checking for obviously fraudulent or frivolous claims." *Crowe,* 113 F.3d at 1542.

Walmart Defendants also claim that Ms. Hamblin cannot pursue Mr. Witt for a tortious act or omission because Mr. Witt was not present or working in such a way on the day of the accident that he could have done anything wrong. (Doc.1, PageID.9). Citing *Shabazz v. Embassy Suites Mgmt., LLC*, No. 2:22-CV-01500-NAD, 2023 WL 3662654 (N.D. Ala. May 25, 2023), *Parker v.*

8

*Lowe's Home Centers, Inc.*, No. 1:13-CV-553-WKW, 2013 WL 12404904 (M.D. Ala. Oct. 29, 2013), and *Russell v. Leidos Inc.*, No. 1:23-CV-1488-CLM, 2024 WL 3585097 (N.D. Ala. July 30, 2024) in support, Ms. Hamblin argues that district courts in Alabama consistently hold that physical presence on the day of an accident is not required to find the corporate employee participated in the tort that caused or contributed to plaintiff's injury. (Doc. 13, PageID.156). Walmart Defendants claim the foregoing cases cited by Ms. Hamblin are distinguishable from the instant case because, among other things, the personal participation of the manager in those cases was relevant due to the injury occurring on the premises where the individual defendant oversaw "some sort of sphere of responsibility" at the premises, unlike the instant care where Mr. Witt was not tasked with the responsibility of managing, monitoring, and supervising trucks that are off IDC property. (Doc. 15, PageID.170). Walmart Defendants are correct that under Alabama law, an employee must be a participant in the wrongful act to hold the employee liable for the negligent acts of the corporation. *Legg,* 428 F.3d at 1324. But Walmart Defendants do not cite to any Alabama authority establishing that physical presence is required for a corporate employee, such as a manager, to be held personally liable for the negligent acts of the corporation. Any uncertainties under Alabama law as to whether Mr. Witt, as general manager of the Walmart IDC, may be held personally liable for Ms. Smith's injuries are to be resolved in favor of Ms. Hamblin.

Considering the foregoing, the undersigned finds it is reasonably possible that Ms. Hamblin can establish causes of action for negligence and wantonness under Alabama law against Mr. Witt. Thus, for purposes of remand, Mr. Witt was not fraudulently joined.

    **IV.**   **Conclusion**

Accordingly, the undersigned finds that diversity jurisdiction does not exist and that Ms. Hamblin's Motion to Remand is **GRANTED**. Objections, if any, shall be filed within fourteen

(14) days of this Order pursuant to S.D. Ala. GenLR 72(c) and Federal Rule of Civil Procedure 72(a). If no objections are filed within the time allotted by rule, the Clerk is directed to **REMAND** this case back to the Circuit Court of Mobile County, Alabama. If any objections are timely filed, the Clerk is directed to withhold disposition of this matter until so ordered by the District Judge.[3]

    **DONE** and **ORDERED** this 2nd day of February 2026.

                                                **s/WILLIAM E. CASSADY**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[3] *See Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand as long as an opportunity was provided for any party to seek a Rule 72 review of the order."); and *Rodriguez v. Westchester Surplus Lines Ins. Co.*, No. 2:25-CV-741-KCD-NPM, 2025 WL 2908153, at *2 fn. 4 (M.D. Fla. Oct. 14, 2025) ("It appears that no federal circuit court has taken issue with a magistrate judge's remand order that explicitly protects the parties' rights to request district-judge review, as is done here. And judicial efficiency—the very object of § 636 and the mandate of Civil Rule 1—compels this approach.").